**AFFIDAVIT IN SUPPORT OF**  1:20 MJ 9138
**A CRIMINAL COMPLAINT**

    I, Donald Kopchak, Task Force Officer of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), herein after referred to as Affiant, being duly sworn, do hereby depose and state as follows:

### Affiant's Background and Qualifications

1.    Affiant is a duly sworn Task Force Officer of the ATF. As such, Affiant is empowered to conduct investigations of and to make arrests for offenses enumerated in Titles 18 and 21 of the United States Code that is, a task force officer engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

2.    Affiant has been involved in the investigation of various individuals and organizations involved in the illegal manufacturing, distribution, and use of controlled substances and firearm violations. Affiant has conducted surveillance operations and has become familiar with the methods used by individuals engaged in the illegal manufacturing, distribution, and use of controlled substances and firearm violations. Affiant has been lead investigator or has participated in many criminal investigations involving violations of Ohio drug and firearm laws. Affiant has executed many search warrants related to illegal drug and firearm operations.

3.    Based on Affiant's experience, Affiant knows that while some drug traffickers attempt to keep their drug trafficking activities separate from their residences, many drug traffickers conduct their drug trafficking activities at locations where they reside and as a result retain evidence relating to drug trafficking therein. Regardless of where drug traffickers conduct their drug activities, drug traffickers typically keep records, papers, documents and other

evidence of such trafficking offenses at locations where the items can be readily accessed, to include the drug trafficker's place of residence.

4. Affiant also knows that the sale of illegal drugs is mostly conducted on a cash basis and that persons involved in the regular trafficking of drugs often maintain control over significant amounts of currency, as both "working capital" and as "profits", at their places of residence and/or other properties they control.

5. Drug traffickers commonly utilize vehicles to transport drugs and proceeds from drug sales, to include U.S. currency, between various locations. To avoid detection and confiscation, the vehicles used to transport both drugs and currency are often outfitted with hidden compartments designed to conceal the money or contraband.

6. Affiant knows that it is common for drug trafficking organizations ("DTOs") to use cellular telephone text messaging features to communicate with associates relating to the logistics of their drug trafficking business. Affiant is also aware that DTOs commonly use pre-paid telephones, which require little or no subscriber information, to avoid law enforcement detection and interception. Affiant knows that those involved in illegal drug operations or other criminal conduct use slang and/or coded language when communicating about drug matters.

7. Affiant is aware that individuals involved in drug trafficking often maintain records linking them to their trafficking activity and their drug trafficking associates. These records may include notes, records or ledgers of drug sales, past or future shipments, and other records, including telephone records, which identify customers and/or other co-conspirators. These records may be stored physically or digitally on computers or other electronic devices or media. Affiant knows that drug traffickers often maintain such records at their place of residence

even when the residence is not being used to store drugs or to conduct drug sales or other drug activity.

8. Affiant's knowledge of the facts alleged in this affidavit are based on conversations with other law enforcement officers, including: ATF agents/officers; information received from law enforcement databases; and from Affiant's personal participation in the investigation.

9. This Affidavit is offered in support of a Criminal Complaint against Defendant William ELLIS with Title 21 United States Code, Section 922(g), possession of firearm or ammunition by convicted felon. As further detailed below, your Affiant submits that there is probable cause to believe that ELLIS illegally possessed firearm in the Northern District of Ohio.

## PROBABLE CAUSE

10. Affiant avers that in mid-April 2020 Cleveland Police Vice Detective Jeffery Yasenchack received information from a concerned citizen about a black male residing at 638 East 127 St. selling drugs out of his house. The citizen further stated that a lot of white people were arriving at this house, staying a short time and then leaving and the male has been driving a black SUV.

11. Affiant avers that in early May 2020 a confidential informant (CI) provided Detective Jeffrey Yasenchack with information on a black male known as "Lays," described as tall, over six feet, 240 lbs., bald or shaved head, approximately 35-40 years old, drives a black Ford Explorer with Ohio plate HYH8894, and lives at 638 East 127 St. Detective Yasenchack used google maps and brought up this area and CI pointed out 638 East 127 St. as "Lays'" residence. CI stated that "Lays" sells heroin and crack cocaine and instructed Detective Yasenchack to watch the house and observe the volume of white people arriving to buy drugs.

12. Affiant avers that Det. Yasenchack ran the plate HYH8894 through the OHLEG database and learned the owner was a known male, William Ellis, Date of Birth 9-18-1978, SS#***-

\*\*-6706. The CI when shown a BMV photo of Ellis positively identified him as the male CI knew as "Lays." Affiant further avers that Detective Yasenchack arrested Ellis in 2019 having in his possession heroin, carfentanil, cocaine, and marijuana during a traffic stop. This case is open and currently in appeals court.

13. Affiant avers that Det. Yasenchack conducted surveillance on 638 East 127 Street on May 11th, 2020 (the Premises). The black Ford Explorer bearing Ohio plate HYH-8894 was parked on the street in front of the Premises. After a few minutes, a burgundy Dodge Magnum parked on the street. Two white males exited and knocked on the front door. Ellis opened the door and held the security door open while the two white males entered the premises. A blue Saturn parked on the street, a white female exited, and walked to the premises' front door. She was also let in by Ellis who stepped onto the porch, looked down the street just as a white vehicle pulled into the driveway of the premises. Two people from that vehicle entered the premises. The first two males exited and drove off. The female exited, re-entered the Saturn, and drove off. The listed owner of the Saturn matched the female Det. Yasenchack observed and she has convictions for drug possession. A couple minutes later the last two people exited the premises and drove off. Affiant avers that Det. Yasenchack stopped this last vehicle and recovered fentanyl from the occupants.

14. Affiant avers that the occupants became confidential informants (CIs) and supplied information about their dealer known as "Blaze" to Detective Yasenchack. The CIs stated "Blaze" was described as a black male, 6'4", 250 lbs., bald with a beard, about 40 years old. CIs positively identified their dealer when shown a BMV photo of Ellis. They had purchased heroin from Blaze over a dozen times, contacting him via phone #216-407-1016.

15. Affiant avers that the suspected heroin seized the vehicle occupants was tested and Cuyahoga County Regional Forensic Science Laboratory completed laboratory case 2020-002394 and

the seized narcotics weighed .76 grams and tested positive for Heroin, Carfentanil, Fentanyl, 4-ANPP, Cocaine, Tramadol and Gabapentin.

16. Affiant avers that a check of the Cuyahoga county felony docket revealed the following convictions for Ellis: 1996 case# CR-96-346236 pleading guilty to attempted drug possession M1 receiving nine months of community control, 1997 case# CR-97-349373 drug trafficking F4, drug possession F5 receiving one year of community control, 2000 case# CR-00-397031 receiving stolen property (MV) receiving one year of community control, 2001 case# CR-01-415901 fleeing and eluding M1 receiving a six month jail term, 2006 case# CR-07-495646 kidnapping with sexual motivation spec F1, gross sexual imposition F4, assault M1, receiving a five year prison term, 2007 case# CR-07-498821 felonious assault F3, criminal damaging M1 receiving a three year prison term, and open 2020 case# CR-20-648922 failure to comply with a police order.

17. Affiant avers that a check of the OHLEG database revealed an eSORN entry for Ellis due to his gross sexual imposition conviction in 2007 and has to register his address with the Cuyahoga County Sheriff's office. The last supplied address was 638 East 127 St. and listed his vehicle as a black Ford Explorer with temp tag H237873, which is the same Explorer with Ohio plate HYH8894.

18. Affiant avers that Det. Yasenchack typed up a Cuyahoga County search warrant for 638 E.127, Cleveland Ohio. Affiant avers that the Honorable Timothy McCormick, reviewed the warrant and deemed probable cause existed for a search warrant.

19. Affiant avers that on May 18th 2020, Cleveland SWAT, and Cleveland police 5th District Vice Unit executed the Cuyahoga county search warrant. Cleveland SWAT located ELLIS upstairs, ELLIS was running to the bathroom and back to his bedroom. SWAT detained ELLIS and observed empty bags and numerous pills around the toilet. Affiant avers that he advised ELLIS of his Miranda rights and he stated he understood. ELLIS advised affiant that he was only flushing Percocets. While

5

talking to ELLIS affiant observed a loaded gun magazine on a table in the living room. Affiant asked ELLIS if there was a gun upstairs in his bedroom and ELLIS stated that he could not remember. While searching ELLIS bedroom a loaded Smith and Wesson 38 revolver bearing serial number 1D65044. This revolver was located next to ELLIS wallet which contained his driver's license.

20. Affiant avers that during the search detectives located a bag of yellow powder, in ELLIS closet in a coat. Affiant avers that the yellow powder recovered from the CI's is the same color and consistency that was recovered in ELLIS' closet. Affiant further avers that a drug press, numerous Prex containers and blenders were located in the kitchen area. Affiant avers that the drug press, Prex and blenders are evidence that ELLIS was manufacturing or stepping on the narcotics.

21. Affiant avers that throughout the house several boxes of ammunition were located. Affiant avers that 9mm, along with 5.56 and 7,62 were in the closet and living room. ELLIS is prohibited from possession a firearm or ammunition. ELLIS was found guilty of felonious assault a felony of the 3rd degree on Feburary 29th, 2008, Cuyahoga County case CR-07-498821-A.

## **CONCLUSION**

22. For the foregoing reasons, your Affiant submits that there is probable cause in support of a criminal complaint against Defendant William ELLIS with Title 21 United States Code, Section 922(g), possession of firearm or ammunition by convicted felon.

_____
Donald Kopchak
Task Force Officer
Bureau of Alcohol, Tobacco, and Firearms

Sworn to via telephone after submission
by reliable electronic means.
Fed. R. Crim. P. 3, 4(d), and 4.1.

WILLIAM H. BAUGHMAN, JR.
UNITED STATES MAGISTRATE JUDGE

